# Exhibit

Eighth Judicial District Court
Clark County, Nevada

Summons and Complaint, A-17-765722-C
*Julie A. Clemons v. Marcus G. Brandt;*
*United States of America*

Electronically Issued
1/8/2019 5:26 PM

**SEI**
**JOSHUA Y. ANG, ESQ.** *(NV Bar #14026)*
Email: *ja@paulpaddalaw.com*
**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

*Attorneys for Plaintiff*

## IN THE EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| JULIE A. CLEMONS, individually; | CASE NO.: A-17-765722-C |
| Plaintiff, | DEPT.: XIV (14) |
| vs. | |
| MARCUS G. BRANDT, individually; THE UNITED STATES OF AMERICA; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive; | **SUMMONS-CIVIL** |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S) THE UNITED STATES OF AMERICA.:** A civil complaint has been filed by the Plaintiff against you for the relief set forth in the complaint.

1. If you intend to defend this lawsuit, within twenty days after this summons is served on you, exclusive of the day of service, you must do the following:

    a. File with the clerk of this court, whose address is shown below, a formal written response to the complaint in accordance with the rules of the court, with the appropriate filing fee.

1

      b. Serve a copy of your response upon the attorney whose name is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff, and this court may enter a judgment against you for the relief demanded in the complaint, which could result in the taking of money or property or other relief requested in the complaint.

3. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Respectfully submitted by:

PAUL PADDA LAW, PLLC

By: _____
MICHAEL C. LAFIA, ESQ.
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103

*Attorney for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

By: _____
DEPUTY CLERK  Date: 1/9/2019
Eighth Judicial District Court of Nevada
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155
Marie Kramer

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

2

Electronically Filed
1/3/2019 2:30 PM
Steven D. Grierson
CLERK OF THE COURT

1 **COMP**
MICHAEL C. LAFIA, ESQ. *(NV Bar #12989)*
Email: *mcl@paulpaddalaw.com*
2 JOSHUA Y. ANG, ESQ. *(NV Bar #14026)*
3 Email: *ja@paulpaddalaw.com*
**PAUL PADDA LAW, PLLC**
4 4240 West Flamingo Road, Suite 220
5 Las Vegas, Nevada 89103
Tele: (702) 366-1888
6 Fax: (702) 366-1940

7 *Attorneys for Plaintiff*

## IN THE EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JULIE A. CLEMONS, individually; | CASE NO.: A-17-765722-C |
| Plaintiff, | DEPT.: XIV (14) |
| vs. | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| MARCUS G. BRANDT, individually; THE UNITED STATES OF AMERICA; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive; | |
| Defendants. | |

Plaintiff Julie A. Clemons ("Julie" or "Plaintiff" hereinafter) by and through her attorneys of record, from the law firm of PAUL PADDA LAW, PLLC, hereby alleges the following in support of this lawsuit:

...

...

...

...

...

## I.
## JURISDICTION AND VENUE

1. This civil action is brought by Plaintiff pursuant to the statutory and common law of the State of Nevada. Venue is appropriate in this Court because all events giving rise to the present causes of action occurred in Clark County, Nevada. The amount in controversy in this case is in excess of $15,000.00.

## II.
## GENERAL ALLEGATIONS

2. This lawsuit is regarding a Motor Vehicle Accident ("MVA") occurring on or about December 11, 2015, involving Plaintiff and Defendant Marcus G. Brandt ("Brandt") who was driving a rental vehicle which, upon information and belief, was being used to transport United States active duty military personnel. (This MVA henceforth shall be referred to as the "subject incident.")

3. At all times relevant herein, Julie A. Clemons was, and is a resident of Clark County, Nevada.

4. Upon information and belief, Defendant Marcus G. Brandt was, and is, a resident of Fairfax County, Virginia.

5. Upon information and belief, Defendant United States of America is party to this lawsuit as Defendant Brandt was negligent while acting within the course and scope of his employment and/or duties with the military where under the circumstances, if a private person, the United States would be liable to Plaintiff in accordance with Federal law and the laws of the State of Nevada.

6. The true names and capacities of the Defendants designated herein as DOES I-X and ROE CORPORATIONS I-X, inclusive, are presently unknown to Plaintiff, who therefore

sues these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that the Defendants, and each of them, designated as DOES I-X and ROE CORPORATIONS I-X, inclusive, are, or may be, legally responsible for the events referred to in this action, and caused damages to Plaintiff, as herein alleged. Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

7. Upon information and belief, DOES I-X and ROES CORPORATIONS I-X are individuals and/or employers of named and/or unnamed Defendants who may be liable in negligence generally, or pursuant to N.R.S. 41.130, which states:

> "...[e]xcept as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages."

8. Upon information and belief, DOES I-X may be immediate family members of Defendants who may be liable for Defendants' negligence, pursuant to NRS 41.440, which states:

> "...any liability imposed upon a wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family arising out of his or her driving and operating a motor vehicle upon a highway with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such owner shall be jointly and severally liable with his or her wife, husband, son, daughter, father, mother, brother, sister, or other immediate member of the family for any damages proximately resulting from such negligence or willful misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages."

9. Upon information and belief, at all times relevant herein, all Defendants known or unknown were agents, servants, employees, or joint venturers of every other Defendant known or unknown herein, and at all times mentioned herein were acting within the scope and course of

3

said agency, employment, or joint venture, with knowledge and permission and consent of all other named or unnamed Defendants.

10. Upon information or belief, on or about December 11, 2015, Julie was the operator of a 2008 Nissan Altima.

11. Upon information or belief, on or about December 11, 2015, Defendant Brandt was the operator of a rented 2015 Ford Transit Wagon.

12. Upon information or belief, on or about December 11, 2015, at the time of the subject incident, Defendant Brandt was using said 2015 Ford Transit Wagon to transport active duty United States military personnel.

13. Upon information and belief, the 2015 Ford Transit Wagon was rented from EAN Holdings, LLC by the United States to transport its active duty military personnel. Defendant Brandt was the assigned driver, and was himself an active duty United States military officer.

14. Upon information or belief, on or about December 11, 2015, at or near the intersection between West Desert Inn Road and Polaris Avenue, Defendant Brandt, driving the 2015 Ford Transit Wagon, followed too close behind Julie's vehicle and collided with the rear of Julie's 2008 Nissan Altima, ultimately causing a chain of collisions by pushing Julie's vehicle into another vehicle in front of it.

## III.
## FIRST CAUSE OF ACTION
### *Negligence*

15. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 14 above, and incorporate the same as though fully set forth herein.

4

16. Defendant Brandt owed Julie a duty of care to operate the 2015 Ford Transit Wagon he was driving on the date of the subject incident in a reasonable and safe manner, and a duty to avoid the subject collision(s) with Julie's vehicle.

17. Defendant Brandt breached his duties to Julie when he negligently and carelessly operated his vehicle and caused the subject incident.

18. Upon information and belief, Defendant Brandt knew or should have known through the exercise of due care that the negligent and unsafe manner in which he was operating his vehicle posed a risk to public safety, and could result in a motor vehicle collision.

19. Upon information and belief, Defendant United States of America is vicariously liable and/or liable under the doctrine of respondent superior for the damages caused by the actions of Defendant Brandt.

20. As a direct and proximate result of the negligence and carelessness of Defendants, Julie sustained injuries to her bodily limbs, organs and systems, all or some of which may be permanent and disabling, and all to Julie's general and special damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

20. As a direct and proximate result of the negligence and carelessness of Defendants, Julie received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing, and shall continue into the future, all to the damages of Julie.

21. As a direct and proximate result of the negligence and carelessness of Defendants, Julie has incurred, and continues to incur, medical expenses, loss of income, and loss of earning capacity, as well as property damage, loss of use, diminution of value, and rental expenses, and all to Julie's general and special damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

22. As a result of Defendants' negligence and carelessness, it has been necessary for Julie to retain the law firm of PAUL PADDA LAW, PLLC, to prosecute this action, and Julie is therefore entitled to recover reasonable attorney's fees and costs.

## IV.
## SECOND CAUSE OF ACTION
### *Negligence Per Se*

23. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 22 above, and incorporate the same as though fully set forth herein.

24. Upon information and belief, as a result of negligent actions and omissions, Defendant Brandt was in violation of traffic laws, statutes, codes and/or ordinances, including, but not limited to, following more closely to another vehicle than was reasonable and prudent (NRS 484B.127).

25. At all times herein mentioned, these laws were designed and enacted to protect a class of persons, in particular motorists and pedestrians, to which Julie belonged. Upon information and belief, Julie's injuries and damages were at all times relevant hereto, and still are, the type of harm these laws were designed and enacted to protect.

26. As a result of his violation of traffic laws, Defendant Brandt was negligent per se and is liable for all of Julie's injuries and damages arising therefrom.

27. As a direct and proximate result of Defendant Brandt's violation of traffic laws, Julie sustained injuries to her bodily limbs, organs and systems, all or some of which may be permanent and disabling, and all to Julie's general and special damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

28. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendant Brandt, Julie has incurred, and continues to incur, medical expenses,

loss of income, and loss of earning capacity, as well as property damage, loss of use, diminution of value, and rental expenses, and all to Julie's general and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

29. As a result of Defendant Brandt's negligence and carelessness, it has been necessary for Julie to retain the law firm of PAUL PADDA LAW, PLLC to prosecute this action, and Julie is therefore entitled to recover reasonable attorney's fees and costs.

## V.
## RELIEF REQUESTED

**WHEREFORE,** Plaintiff, expressly reserving the right to amend this Complaint prior to, or at the time of, trial of this action to conform with the evidence, prays for judgment against Defendants as follows:

1. Set this matter for trial by jury on a date certain;
2. For general and special damages and losses, including pain and suffering and punitive damages, sustained by Plaintiffs in a total amount in excess of Fifteen Thousand Dollars ($15,000.00).; the exact sums be determined at the time of trial;
3. For reasonable attorney's fees and costs of suit;
4. For pre and post-judgment interest at the statutory rate;
5. For property damages sustained by Plaintiffs, and;
6. For such other and further relief as the Court may deem just and proper.

DATED this ___ day of January, 2019.

Respectfully submitted by:

PAUL PADDA LAW, PLLC

By: _____
MICHAEL C. LAFIA, ESQ.
JOSHUA Y. ANG, ESQ.

*Attorneys for Plaintiff*

7