PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
JOSHUA Y. ANG, ESQ. (NV Bar #14026)
Email: ja@paulpaddalaw.com
**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JULIE A. CLEMONS (an individual),<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:19-cv-0248-RFB-BNW |

## SECOND AMENDED COMPLAINT

Plaintiff, Julie A. Clemons (an individual), hereby alleges the following in support of this Second Amended Complaint ("SAC"):

### JURISDICTION AND VENUE

1. This civil action is brought pursuant to the statutory and common law of the United States of America ("United States"). Specifically, Plaintiff seeks redress pursuant to the Federal Torts Claims Act ("FTCA"), codified at 28 U.S.C. § 1346 *et. seq.* Because Plaintiff is seeking redress under federal law, this Court possesses "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this judicial district because all acts/omissions giving rise to Plaintiff's causes of action occurred within Clark County, Nevada.

1

## PARTIES

2. Plaintiff, Julie A. Clemons, is an adult female that is a resident of Nevada.

3. Defendant, the United States of America, is a Constitutional government that is comprised of three branches: the Executive, the Legislative and the Judicial. In enacting the FTCA, the United States intended to waive its sovereign immunity from lawsuits of this kind. The United States is being sued herein for the acts/omissions of one of its employees, Marcus G. Brandt. During all time periods relevant to this SAC, Mr. Brandt was acting within the course and scope of his official duties as an employee of the United States Department of the Army or "Army" (a component of the Executive Branch of the United States).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. The FTCA requires a party to exhaust all administrative remedies prior to initiating suit. In this case, Plaintiff has fulfilled her administrative obligations.

5. The accident giving rise to this lawsuit occurred on or about December 11, 2015. Plaintiff submitted an FTCA claim to the Army dated May 4, 2016. By letter dated June 24, 2016, the Army acknowledged receipt of Plaintiff's FTCA claim. The Army initially denied Plaintiff's claim on December 28, 2017. However, Plaintiff timely sought reconsideration of that denial. By letter dated June 7, 2018, the Army notified Plaintiff that it would "re-open [its] investigation" into her FTCA claim. To date, the Army has yet to issue a final decision on Plaintiff's FTCA claim, despite the passage of 6-months from the date it received her request for reconsideration.

. . .

. . .

. . .

6. Because 6-months has passed since the Army received Plaintiff's request for reconsideration and because the Army has yet to issue a final decision on that reconsideration request, this suit is timely filed. Plaintiff has fully satisfied her administrative exhaustion requirements.

## GENERAL ALLEGATIONS

7. On or about December 11, 2015, while acting within the course and scope of his employment with the Army, Mr. Brandt was transporting 8 active duty military personnel within the territory of Clark County, Nevada.

8. At approximately 1:55 p.m. on that date (at or near the intersection of West Desert Inn Road and Polaris) the vehicle he was operating (a Ford "SUV" style transit wagon with 8 passengers) struck the vehicle operated by Plaintiff (a Nissan Altima 4-door sedan). When the Las Vegas Metropolitan Police Department arrived at the scene to investigate, Mr. Brandt was cited as the "at-fault" driver. According to the Traffic Accident Report prepared by the LVMPD investigator, Mr. Brandt "followed to close (unsafe stopping distance) which resulted in a read end collision with" Plaintiff's vehicle.

9. Following the accident of December 11, 2015, Plaintiff has experienced physical pain and suffering and has been required to seek medical treatment from a number of providers for her injuries sustained as a direct result of the subject accident.

## FIRST CLAIM FOR RELIEF

**(Negligence)**

10. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 9 above, and incorporates the same as though fully set forth herein.

. . .

3

11. Under Nevada law, a party may be held liable for negligence by showing the following: (i) a duty of care, (ii) breach of that duty, (iii) actual and proximate cause and (iv) damages.

12. With respect to this first claim for relief:

    i. Marcus Brandt, an employee of the United States acting in the course and scope of his employment duties at the time of the subject accident, was under a duty of care imposed by Nevada law to operate his vehicle in a safe and reasonable manner on the roadways of Clark County.

    ii. Mr. Brandt breached that duty when, among other things, he followed Plaintiff's vehicle too closely and failed to provide himself enough time and distance to properly brake resulting in rear-end collision with Plaintiff's vehicle.

    iii. Mr. Brandt's acts/omissions were the actual cause of the accident because Plaintiff's vehicle was rear-ended. Mr. Brandt's acts/omissions were also the proximate cause of the accident because it was entirely foreseeable that the careless operation of a vehicle, in the manner in which Mr. Brandt operated the Ford transport wagon, could lead to an accident of the kind that occurred in this case.

    iv. Finally, Plaintiff sustained compensable damages as a result of Mr. Brandt's actions experiencing significant pain, suffering, physical injuries requiring medical care (past, present and into the future), loss of enjoyment of life, loss of income and earning capacity and property damage.

13. The United States is liable for the negligent acts of Marcus Brandt which caused harm to Plaintiff because at the time of the subject accident he was an employee of the Army and was acting in the course and scope of his employment.

4

14. On account of the foregoing, Plaintiff has been required to engage the services of undersigned counsel in order to obtain just compensation for the full extent of her damages/injuries compensable under the law.

## SECOND CLAIM FOR RELIEF

### (Negligence *Per Se*)

15. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 14 above, and incorporates the same as though fully set forth herein.

16. Under Nevada law, a party may be held liable for negligence *per se* by showing the following: (i) defendant violated a statute, (ii) the violation was the legal (actual and proximate) cause of plaintiff's injuries, (iii) plaintiff belongs to a class of persons whom the statute was intended to protect, (iv) plaintiff's injuries were the type against which the statute was intended to protect, and (v) plaintiff suffered damages.

17. With respect to this second claim for relief:

   i.   Marcus Brandt, an employee of the United States acting in the course and scope of his employment duties at the time of the subject accident, was under a legal duty imposed by Nevada law, specifically Nevada Revised Statute 484 and all provisions set forth thereunder, to operate his vehicle in a safe and reasonable manner on the roadways of Clark County. Mr. Brandt violated that duty when he followed Plaintiff's vehicle too closely and did not permit himself enough time/distance to properly brake.

   ii.   Mr. Brandt's violation of this duties was both the actual cause of Plaintiff's injuries because she was rear-ended by his vehicle but also the proximate cause because it was entirely foreseeable that Plaintiff could be harmed in the manner in which she was.

iii.     The traffic laws of Nevada exist to protect all drivers, pedestrians and other persons that traverse the state's roadways. As a motorist, Plaintiff is clearly within the class of persons intended to be protected by the traffic laws of Nevada.

iv.     The harm sustained by Plaintiff is precisely the type of harm the traffic laws of Nevada seek to prohibit as evidenced by the fact that the laws forbid drivers from following other vehicles too closely and impose all manner of restrictions on how a motor vehicle should be operated in order to ensure the safety of others.

v.     Finally, Plaintiff sustained compensable damages as a result of Mr. Brandt's actions experiencing significant pain, suffering, physical injuries requiring medical care (past, present and into the future), loss of enjoyment of life, loss of income and earning capacity and property damage.

18. The United States is liable for the negligence *per se* of Marcus Brandt which caused harm to Plaintiff because at the time of the subject accident he was an employee of the Army and was acting in the course and scope of his employment.

19. On account of the foregoing, Plaintiff has been required to engage the services of undersigned counsel in order to obtain just compensation for the full extent of her damages/injuries compensable under the law.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## RELIEF REQUESTED

20. Plaintiff hereby seeks the following relief:

   a. For general and special damages and losses, including pain and suffering, sustained by Plaintiff;

   b. For property damage sustained by Plaintiff and all other expenses/costs related thereto;

   c. For the costs incurred in prosecuting this action;

   d. For reservation of right to further amend this SAC, even at the time of trial, to fully conform to the evidence in this case;

   e. For such other and further relief as the Court may deem just and proper and/or which is allowable by law.

Respectfully submitted,

Paul S. Padda, Esq.
Joshua Y. Ang, Esq.

Attorneys for Plaintiff

Dated: May 10, 2019

PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888 • Fax (702) 366-1940

7