**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Julia A. Clemons, | Case No. 2:19-cv-00248-RFB-BNW |
| Plaintiff, | **ORDER re ECF No. 54** |
| v. | |
| United States of America, | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Compel Production of Documents in Compliance with Non-Party Subpoena and for Contempt.[1] ECF No. 54. Plaintiff served non-party Don Nobis, PT/Don Nobis Progressive Physical Therapy ("the non-party") with this motion and noted that a response to it would be due on 12/13/2021. ECF No. 56. The non-party has not filed a response, and the time to do so has passed. *See* LR 7-2(b) ("For all other motions, the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion.")

**IT IS THEREFORE ORDERED** that ECF No. 54 is **GRANTED** in part and **DENIED** in part. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). It is granted to the extent that, **by 1/4/2022**, non-party Don Nobis, PT/Don Nobis Progressive Physical Therapy must comply with the subpoena that was served on 7/16/2021 and turn over the requested documents to Paul Padda Law, PLLC. *See* ECF No. 54-1, 54-2. But the motion is denied with respect to recommending that non-party Don Nobis, PT/Don Nobis Progressive Physical Therapy pay monetary sanctions or be held in contempt for failing to comply with the subpoena.

First, Plaintiff does not provide legal support for why the non-party should pay the fees and costs associated with bringing her motion to compel. *See* ECF No. 54 at 6. The Court,

---

[1] Plaintiff served the non-party on July of 2021 with a subpoena requesting her medical records from the facility and treating physical therapist Don Nobis. According to Plaintiff, the non-party failed to turn over the requested documents or object to the subpoena.

however, interprets Plaintiff's request for such monetary sanctions as a request under Federal Rule of Civil Procedure 37. But Rule 37 sanctions only apply to *parties*. *See, e.g.*, *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (Rule 37 sanctions may not be applied "against a nonparty for failure to comply with a subpoena duces tecum"). And, here, Plaintiff is seeking to compel documents from a non-party.

Second, a court may not hold in contempt a non-party that has failed to comply with a Federal Rule of Civil Procedure 45 subpoena without first providing notice. *See In re Plise*, 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) ("[I]n cases of nonparty subpoenas under Civil Rule 45, the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order before any contempt sanctions can be awarded."). That said, if non-party Don Nobis, PT/Don Nobis Progressive Physical Therapy does not comply with the subpoena by 1/4/2022, Plaintiff may move for an order to show cause as to why the non-party should not be held in contempt.

**IT IS FURTHER ORDERED** that, by 12/20/2021, Plaintiff must serve non-party Don Nobis, PT/Don Nobis Progressive Physical Therapy with a copy of this Order and file certification of service with the Court.

**IT IS FURTHER ORDERED** that the hearing set for 1/26/2021 is hereby VACATED.

DATED: December 16, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE